IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COURAGE IGENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3143 |
| | § | |
| JEFF SESSIONS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Courage Igene, challenges the denial of his Petition for Amerasian, Widow(er), or Special Immigrant (Form I-360), which he filed so that he could self-petition under § 204 of the Immigration and Nationality Act. (Docket Entry No. 1). He argues that the defendants arbitrarily and capriciously misconstrued the "good faith" marriage requirement of 8 C.F.R. § 204(c)(2). *Id.* at ¶ 2. The defendants have moved to dismiss for improper venue, or to have the case transferred to the Northern District of Texas, where venue would be proper. (Docket Entry No. 6). Igene did not respond to the motion.

The complaint, the motion to dismiss, and the applicable law make it clear that venue is improper in the Southern District of Texas. No hearing is required to resolve the issue. The defendants' motion to transfer is granted and this case is transferred to the Northern District of Texas; the motion to dismiss is moot. The reasons are explained below.

Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue. FED. R. CIV. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

1

justice, transfer such case to any district or division in which it could have been brought."). When a defendant raises improper venue, the plaintiff has the burden to prove that the chosen venue is proper.[1] *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002); 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826 (2d ed. 1986) ("There are cases holding that the burden is on the objecting defendant to establish that venue is improper. But 'the better view,' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."). Placing the burden on the plaintiff is consistent with this court's recent decisions. *See, e.g., Brewer v. United States*, No. CV H-17-870, 2017 WL 6398637, at *1 (S.D. Tex. June 19, 2017) ("When a defendant raises improper venue, the plaintiff has the burden to prove that the chosen venue is proper.").

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). "[I]n the absence of an evidentiary hearing, a court should allow a plaintiff to carry this burden based upon setting forth facts that taken as true would establish venue." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

---

[1] District courts in this circuit have divided over which party bears the burden of proof on venue after a Rule 12(b)(3) motion has been made, but the consistent, recent, and persuasive authority is that the plaintiff has the burden. *Compare Duke Energy Int'l LLC., v. Napoli*, 748 F. Supp. 2d 656, 682 (S.D. Tex. 2010), *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729 (E.D. Tex. 1998), *and Bounty-Full Entm't, Inc. v. Forever Blue Entm't Group, Inc.*, 923 F. Supp. 950 (S.D. Tex. 1996) (the party moving to dismiss under Rule 12(b)(3) has the burden to show improper venue), *with Clemons v. WPRJ, LLC.*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013), *American General Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011), *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504 (E.D. Tex. 2003) (the plaintiff bears the burden once a motion dismiss for improper venue has been made).

28 U.S.C. § 1391(e)(1) provides that a civil action may be brought against an officer, employee, or agency of the United States in any judicial district in which: "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."

Igene asserts that venue is proper based on § 1391(e)(1)(B) and (C), "because plaintiff is an individual located in this district and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district." (Docket entry No. 1 at ¶ 5). The defendants argue that § 1391(e)(1)(B) does not permit venue here because no "substantial part of the events or omissions giving rise to the claim" occurred here. (Docket Entry No. 6 at 3). The defendants assert that United States Citizenship and Immigration Services received, processed, and denied Igene's Form I-360 in Vermont, and that Igene's appeal was dismissed by the Administrative Appeals Office in Washington, D.C. *Id.* at 3–4.

The primary factual allegations in the complaint are as follows:

1. Igene filed a Petition for Amerasia, Widow(er) or Special immigrant (Form I-36) to classify himself under § 2948(a)(1) of the Immigration and Nationality Act;

2. United States Citizenship and Immigration Services issued a notice of intent to deny Igene's petition on January 6, 2015; and

3. Igene's petition was denied on May 8, 2015 due to an evaluation of Igene's previous marriage.

*Id.* at ¶¶ 8-10. The complaint alleges that Igene is located in Garland, Texas, and that nearly all of the defendants may be served in Washington, D.C., with the exception of Donald Neufeld, who may be served in St. Albans, Vermont. *Id.* at ¶ 7.

3

Igene's assertion that venue is proper because he "is an individual located in [the Southern District of Texas]," (Docket Entry No. 1 at ¶ 5), is contradicted by the complaint allegation that he is located in Garland, Texas, which is in the Northern District of Texas. *Id.* at ¶ 6. The complaint also undermines his argument that venue is proper "because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in [the Southern District of Texas]," *id.* at ¶ 5, because the complaint does not allege that any actions giving rise to Igene's petition denial occurred in this district. The only reference to this district is the address of the United States Attorney's Office's civil process clerk, located in Houston. *Id.* at ¶ 7.

The record shows improper venue in the Southern District of Texas. The defendants' motion to transfer, (Docket Entry No. 6), is granted. The motion to dismiss is moot. This case is transferred to the Northern District of Texas, Dallas Division.

SIGNED on March 29, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge